New Dells Lumber Company, Respondent, vs. Chicago, St. Paul, Minneapolis & Omaha Railway Company, Appellant. [Case No. 107.]

*November 10, 1937—February 15, 1938.*

For the appellant there were briefs by *Bundy, Beach & Holland* of Eau Claire, attorneys, and *Warren Newcome* and *Alfred E. Rietz,* both of St. Paul, Minnesota, of counsel, and oral argument by *E. B. Bundy.*

For the respondent there were briefs by *Farr & MacLeod* of Eau Claire, attorneys, and *Arthur Wickham* of Milwaukee of counsel, and oral argument by *Mr. Wickham.*

The following opinion was filed December 7, 1937:

Fowler, J. As appears from the opinion in the companion case filed herewith, *New Dells Lumber Co. v. Chicago,*

*St. P., M. & O. R. Co., ante,* p. 614, 276 N. W. 632, after that case was first before the court and decided, the plaintiff procured a deed from one Kessler to whom it had theretofore conveyed the land in city block 14 to the south of the strip of land on which the spur track involved is located. The original deed to Kessler granted an appurtenant easement for switching service over that spur. The deed from Kessler purported to transfer back and surrender to the plaintiff the easement appurtenant to Kessler's land in the block. By our former decision the plaintiff was denied compensation for the right of way west of a spur track leading from the main spur into Kessler's land. These proceedings were commenced to procure the compensation denied by the former decision.

The basis of the denial of compensation by our former decision was that the plaintiff had with its conveyance to Kessler of his land in block 14 granted to him as appurtenant to that land an easement for switching service over the spur involved, which service the defendant was obligated to continue to render to Kessler, because service over the spur could not be discontinued without consent of the public service commission, and no such consent had been procured. The deed above referred to is the foundation of this case. It purports to reconvey from Kessler to the plaintiff the easement granted to him by the plaintiff and to release to the plaintiff the right to the service that the plaintiff by the grant of the easement was obligated to render to him. In the companion case we held this conveyance nugatory because a conveyance of an easement appurtenant to land cannot be conveyed without conveyance of the land itself, and that it was nugatory as a surrender of the easement because the right of Kessler to the service secured to him by that easement continued in him by statute after the purported surrender the same as before. The deed, therefore, did not operate to entitle the plaintiff to the compensation denied him by the former opinion in the

companion case. It follows that these proceedings must be dismissed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment dismissing the petition for condemnation.

An opinion on motions for rehearing was filed in Case No. 106 on February 15, 1938, *ante,* p. 625, 277 N. W. 673.

The motions for rehearing were denied, with $25 costs of motion in Case No. 106 and without costs in Case No. 107.